ARAMINTA H. BEDELL, Appellant, v. CHARLES C.
BEDELL and Others, Respondents.

*Fraud — a party cannot retain the benefit of a contract procured through fraud,*
*although it be not committed by his procurement.*

This action was brought to set aside a written instrument executed by the plain-
tiff, by which she released the defendant, her husband, from an obligation to
pay to her the sum of $250 a year, which had been imposed upon him by a
judgment for a limited divorce theretofore recovered by her. She sought to set
aside the release upon the grounds that she received no consideration for exe-
cuting it, and that it was procured by false and fraudulent representations.
Upon the trial the court refused to allow the plaintiff to show the falsity of
representations made to her by one Holdridge, and that she received no consid-
eration for executing the release, unless it was shown that Holdridge was then
acting as the agent of her husband.

*Held*, that this was error; that if the instrument was procured through fraud the
husband could not avail himself of the benefit secured by it even although
the fraud was unauthorized by him and committed without his knowledge or
procurement.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint at circuit, and from an order denying a motion for a new trial made upon a case and exceptions.

*W. I. Thorn* and *H. A. Nelson*, for the appellant.

*Wm. R. Woodin*, for the respondents.

DYKMAN, J.:

The plaintiff commenced an action against her husband, the defendant, Charles C. Bedell, for a limited divorce and obtained a judgment in her favor. The judgment required the defendant to pay her $250 a year for her maintenance and to give her security for such payment. In obedience to the requirements of the judgment the bond was furnished, and the condition was complied with by the payment of the allowance for several years. On the 26th day of January, 1882, the defendant executed an instrument in writing purporting to be an agreement between herself and her husband, by which she agreed to cancel the bond for the allowance and release him from all obligations for future support and maintenance.

This action is brought to set aside that agreement and restore the bond and the judgment on the allegation that the same was procured by fraud and misrepresentation. At the trial the plaintiff was called as a witness in her own behalf to show that her signature to the instrument was procured by Earl A. Holdridge by misrepresentations, and also that she received no consideration therefor. The testimony was excluded under a decision of the trial court that no evidence of conversation between the plaintiff and Holdridge was proper until it was shown that he was the agent of the plaintiff's husband.

The plaintiff's counsel finally stated to the court that if proof was admitted respecting the manner in which the execution of the paper was procured, they should claim that those facts will show in connection with the fact that the husband subsequently accepted the paper, that as matter of law the defendant is chargeable with the acts of the brother as his agent. That was overruled by the court — the plaintiff excepted. The case of the plaintiff was dismissed by the court. The plaintiff has appealed from the judgment.

Our conclusion is that the exclusion of the testimony was erroneous. If admitted, it would have shown that no consideration was paid for the agreement, that it was obtained by fraudulent representation, and that it had been accepted by the husband. Those facts entitle the plaintiff to relief on the principle that fraud vitiates all transactions into which it enters. It is not a question of agency, but a question of fraud. If the instrument in question was obtained from the plaintiff by misrepresentation and fraud it cannot be held against her. It is quite immaterial who perpetrated the fraud, the defendant cannot enjoy its results and retain its benefits by a claim that it was unauthorized by him. He has accepted an instrument tainted with fraud for which he has paid no consideration. He cannot retain the instrument for use against the plaintiff on the ground that the fraud was unauthorized by him and committed without his knowledge or procurement. The instrument was not executed in the interest of the plaintiff. It was not procured for her and is not held by her, but it was procured for her husband and was delivered to him, and when he accepted it he received it with all the infirmities to which it was subject, and they were sufficient for its destruction.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PRATT, J.:

Defendants claim that fraud of a person not a contracting party, nor an agent of such party, cannot invalidate an instrument thereby procured.

The question arose in *Bridgeman* v. *Green* (Wilmot, 58-64), and Lord HARDWICK held that interests so gained could not be held by an innocent party, and observed that were the rule otherwise it would be almost impossible to reach a case of fraud.

Lord WILMOT, on a subsequent hearing of the case, said : " There is no pretense that \* \* \* was a party to an imposition. Does it follow from thence that he must keep the money ? No ; whoever receives it must take it tainted and infected with the \* \* \* imposition of the person procuring it. Let the hand that receives it be never so chaste, if it comes through a polluted channel the obligation of restitution will follow it."

In *Huguenin* v. *Baseley* (14 Vesey, 289) the question arose, and Lord ELDON quotes *Bridgman* v. *Green* with approbation, and says : "I should regret that any doubt could be entertained whether it is not competent to a Court of Equity to take away from third persons the benefits which they have derived from the fraud, imposition or undue influence of others." He quotes Lord THURLOW that it is against conscience that one person should hold a benefit which he derived from the fraud of another. The rule is familiar in the courts of this State.

In *Whelan* v. *Whelan* (3 Cowen, 587) a contract was set aside against a party who had no knowledge of the fraud. So in *Bergen* v. *Udall* (31 Barb. 9), the deed being to an innocent purchaser did not affect the operation of the rule. It follows that the evidence offered by the plaintiff should have been received.

A new trial should be granted, with costs to abide the event.

Present — DYKMAN and PRATT, JJ.; BARNARD, P. J., not sitting.

Judgment reversed, and new trial granted, costs to abide event.